UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JACOB ANDERS CAMPBELL,

    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

NO.  CV-12-0352-RHW

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT; GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

    Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14, and Defendant's Motion for Summary Judgment, ECF No. 17. The motions were heard without oral argument. Plaintiff is represented by Lora Lee Stover. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Lisa Goldoftas.

**I.    Jurisdiction**

    On April 9, 2010, Plaintiff Jacob Campbell filed both a Title II  application for disability insurance benefits (DIB) and a Title XVI application for Supplemental Social Security Income (SSI). Plaintiff alleges that he has been disabled since December 17, 2008.

    His application was denied initially on May 13, 2010, and again denied on reconsideration on September 29, 2010. A timely request for a hearing was made. On July 14, 2011, Plaintiff appeared in Spokane, Washington before Administrative Law Judge (ALJ) James W. Sherry. Thomas A. Polsin, vocational

expert, also appeared at the hearing. Plaintiff was represented by attorney Lora Lee Stover.

The ALJ found that Plaintiff was not disabled from December 17, 2008, the date the alleged disability began, to August 12, 2011. Plaintiff timely requested review by the Appeals Council, which was denied on March 23, 2012. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff timely filed an appeal with the U.S. District Court for the Eastern District of Washington on May 15, 2012. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity.  *Id.*

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

**III.    Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

At the time of the hearing, Plaintiff was 33 years old. He had separated from his wife, and had four minor children. He attended school through his freshman year and thereafter obtained his GED. He has an extensive and varied work history, including managing fast food restaurants, construction, welding and fabricating.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

On 2008, Plaintiff fell on ice and injured his left knee. He underwent surgery for a left knee lateral tibial plateau depression fracture in January, 2009. He testified that his left knee pain is constant. He cannot cross his legs, kneeling is impossible, and his knee seems to lock up.

He has been attending school for culinary arts, but withdrew because he had two surgeries on his knee in 2010 and 2011. He had arthroscopic surgery in 2010, where the doctor removed hardware, i.e. a screw and washer, from his previous surgery. He also smoothed a tear in his meniscus. (Tr. 490, 492.) He continued to have pain in his knee, so another surgery was performed. (Tr. 540.) He reported he continued to have pain after this surgery. He continues to wear a brace and engage in physical therapy. He takes Hydrocodone and Ibuprofen for pain. (Tr. 214.)

He testified he hoped to return to school in the fall of 2011.

**V.    The ALJ's findings**

The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. (Tr. 22.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 17, 2008, the alleged onset date. (Tr. 22.)

At step two, the ALJ found Plaintiff had the following severe impairments: status post open reduction internal fixation left tibial plateau fracture with posterior lateral corner malunion, left knee meniscus tear, and posttraumatic lateral compartment arthorosis of the left knee. (Tr. 22.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23.) The ALJ considered whether Plaintiff met the listing for 1.02, major dysfunction of a joint (Tr. 23.) The ALJ found Plaintiff did not meet the listing because he is able to ambulate effectively as defined in the regulations. (Tr. 23.)

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

The ALJ found Plaintiff has the residual functional capacity[1] to lift and/or carry 20 pounds occasionally and 10 pounds frequently, to stand and/or walk for two hours and sit for six hours in an eight-hour workday, to occasionally operate foot controls with the left lower extremity, to occasionally climb ramps and stairs, balance, stoop, and crouch, and never climb ladders, ropes or scaffolds, kneel, or crawl, but should avoid concentrated exposure to extreme could and excessive vibration, and should avoid even moderate exposure to hazards such as unprotected heights and use of moving machinery. (Tr. 23.)

At step four, the ALJ found Plaintiff not capable of performing past relevant work as an assistant manager, fast food, fast food worker, fast food cook, construction worker, sales clerk, short order cook, kitchen helper, food processor, machine set-up mechanic, sandwich maker and store manager. (Tr. 26.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Specifically, the ALJ found that Plaintiff can perform the representative jobs of small parts assembler, storage rental clerk, and cashier. (Tr. 27.)

///

[1] "RFC is what an individual can still do despite his or her functional limitations and restrictions cased by his or her medically determinable physical or mental impairments. It is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to perform work-related physical and mental activities. . . RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis: i.e. 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR96-6P.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

**VI.    Issues for Review**

Plaintiff presents the following issues with respect to the ALJ's findings:

1.    The ALJ erred in disregarding the opinions of Plaintiff's providers regarding Plaintiff's condition.

2.    The ALJ erred in assessing Plaintiff's residual functional capacities.

3.    The ALJ failed to pose a proper hypothetical to the vocational expert.

4.    The ALJ erred in assessing Plaintiff's credibility.

5.    The evidence taken from the record as a whole does not support the ALJ's decision that Plaintiff is not disabled.

**VII.    Discussion**

**1.        Consideration of Examining Physician's Opinion**

Plaintiff maintains the ALJ improperly evaluated the medical opinion of Dr. William Shanks, the consultive examiner.  He performed a one-time independent examination of Plaintiff. Specifically, on February 9, 2010, Dr. Shanks referred Plaintiff to an orthopaedic consult and opined that Plaintiff was severely restricted. (Tr. 393.) ARNP Hendrickson treated Plaintiff and in February 4, 2010, indicated that Plaintiff was capable of sedentary or light work. (Tr. 346.) On August 17, 2010, ARNP Hendrickson indicated that Plaintiff was capable of sedentary work at that time. (Tr. 436.)

The ALJ gave ARNP Hendrickson's opinion significant weight and gave Dr. Shanks' opinion limited weight because it was inconsistent with other substantial evidence in the record, and because Dr. Shanks did not indicate which level of work Plaintiff is capable of despite his standing, walking and lifting restrictions. (Tr. 24-25.) In addition, the ALJ gave significant weight to the non-examining state physicians who assessed a limited sedentary capacity. (Tr. 26.)

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). More weight is given to a treating physician's opinion than to the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1  opinion of a non-treating physician because a treating physician is employed to
2  cure and has greater opportunity to know and observe the patient as an individual.
3  20 C.F.R. § 416.927(d)(1); *see also Andrews v. Shalala*, 53 F.3d 1035, 1040-41
4  (9th Cir. 1995). Where the treating doctor's opinion is not contradicted by another
5  doctor, it may be rejected only for "clear and convincing" reasons. *Lester v.*
6  *Chater*, 81 F.3d 821, 820 (9th Cir. 1995). If the treating doctor's opinion is
7  contradicted by another doctor, the ALJ may not reject this opinion without
8  providing "specific and legitimate reasons" supported by substantial evidence in
9  the record for doing so. *Id.* Similarly, greater weight is given to the opinion of an
10 examining physician than a non-examining physician. *Andrews*, 53 F.3d at 1041.
11 Opinions of physicians who examined the claimant only once should be given less
12 weight than the physicians who treated her. 20 C.F.R. § 404.1527; *Benecke v.*
13 *Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). An ARNP is not an "acceptable
14 source." 20 C.F.R. § 404.1513(a). Thus, the ALJ may not rely on ARNP
15 Hendrickson's opinion to establish the existence of an impairment. *Id.* Even so,
16 the ALJ may rely on her opinion to show the severity of Plaintiff's impairment and
17 how it affects his ability to work. § 404.1513(d).

18     Here, the ALJ's rejection of Dr. Shanks' opinion was proper, given that
19 other sources concluded that Plaintiff is capable of sedentary-type work activity.
20 Dr. Shanks' opinion was given before  two surgeries were performed to correct
21 any limitations observed by Dr. Shanks. Specifically, ARNP Hendrickson and Dr.
22 Lynch treated Plaintiff after Dr. Shanks evaluated Plaintiff. Given the nature of
23 Plaintiff's impairment, it is appropriate to rely on later treatment notes to assess
24 Plaintiff's residual function. The ALJ did not commit error. He gave specific and
25 legitimate reasons for discounting Dr. Shanks' opinion, and these reasons are
26 supported by substantial evidence in the record.

27     **2.    Credibility**

28     Plaintiff argues the ALJ ignored the effects of pain from his physical

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8**

1  impairments, including how his pain would affect his ability to attend and

2  concentrate.

3      The ALJ rejected Plaintiff's and third-party statements concerning the

4  intensity, persistence and limited effects of these symptoms because Plaintiff

5  offered no explanation for the discrepancy between the objective findings and the

6  June 2011 medical notes[2] and his assertion of being able to stand for 30 minutes at

7  a time and sit for four minutes. (Tr. 25.) The ALJ also considered that Plaintiff

8  was active in a culinary arts program, requiring long periods of standing, and his

9  intention to continue on in that program. (Tr. 25.) The ALJ concluded that this

10  activity is consistent with at least sedentary-type work activity rather than not

11  being able to work at all. (Tr. 25.)

12      An ALJ's assessment of a claimant's credibility is entitled to "great weight."

13  *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no

14  evidence of malingering, the ALJ must give "specific, clear and convincing

15  reasons" for rejecting a claimant's subjective symptom testimony. *Molina v.*

16  *Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's

17  credibility finding is supported by substantial evidence in the record, the

18  reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278

19  F.3d 947, 959 (9th Cir. 2002).

20      In recognition of the fact that an individual's symptoms can sometimes

21  suggest a greater level of severity of impairment than can be shown by the

22  objective medical evidence alone, 20 CFR 404.1529© and 416.929© describe the

23  kinds of evidence, including the factors below, that the ALJ must consider in

24  addition to the objective medical evidence when assessing the credibility of an

25

26  _____

27  [2]The notes indicated that Plaintiff walked with a slight limp and had reasonably

28  good range of motion. There was no swelling, and he was assessed with left knee

pain. (Tr. 25.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT ~ 9**

individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Here, the ALJ provided clear and convincing reasons for his credibility determination that were supported by substantial evidence. Notably, the Court has reviewed the transcript and there is no testimony from Defendant regarding his ability to attend and concentrate. Moreover, Plaintiff testified that he did not experience any unwanted side effects from the pain medication he was currently taken. (Tr. 55.)

### 3.    Residual Functional Capacity

Plaintiff argues the ALJ erred in assessing his residual functional capacities. He asserts the record does not support a finding that he is capable of performing a restricted range of sedentary work where he would be required to sit for six hours per day. He also argues the ALJ's hypothetical question did not fully represent Plaintiff's physical impairments including his pain complaints.

As set forth above, the ALJ discounted Plaintiff's statements regarding his limitations, and the Court found this was not error. Moreover, the ALJ's determination of Plaintiff's residual functional capacity is supported by the record. ARNP Hendrickson, Dr. Lynch, and the state examiners all concluded Plaintiff can perform sedentary-type work. Additionally, the ALJ's hypotheticals to the vocational expert were proper and supported by the record.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

**4.     Failure to Call Orthopedist to Determine Whether Listing Is Met**

Plaintiff argues the ALJ failed to call an orthopedists to testify that Plaintiff met or equaled Listing 1.06 because of his inability to effectively ambulate in excess of 12 month period of time and/or his inability to bear weight on a consistent basis. Listing 1.06 covers a fracture of the femur, tibia, pelvis,or one or more of the tarsal bones with: (A) Solid union not evidence on appropriate medically acceptable imaging and not clinically solid; and (B) Inability to ambulate effective and return to effective ambulation did not occur or is not expected to occur within 12 months of onset. 20 C.F.R. Part 404, Subpt. P, App.1, § 1.06.

The ALJ did not consider Listing 1.06, but considered Listing 1.02. He concluded Plaintiff's left knee impairment did not meet or medically equal listing 102A because Plaintiff is able to ambulate effectively as defined by the regulations.[3] (Tr. 23.) Listing 102A covers major dysfunction of a joint due to any

---

[3] 1.00B.2.b defines "inability to ambulate effectively" as an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

The regulations explain that to ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

cause, which is characterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints and findings of joint space narrowing, bony destruction and ankylosis of the affected joint with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle) resulting in an inability to ambulate effectively. 20 C.F.R. Part 404, Subpt. P, App.1, § 1.02A.

The ALJ has a special duty to fully and fairly develop the record. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Where it is necessary to enable the ALJ to resolve an issue of disability, the duty to develop the record may require consulting a medical expert. *See* 20 C.F.R. §§ 404.1519a, 416.919a; *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001).

Here, the ALJ did not state, nor does the record reflect, that the medical evidence was ambiguous or that the record was otherwise inadequate to allow for proper evaluation of Plaintiff's disability. Plaintiff has not cited to any portion of the record that indicates that Plaintiff was not able to ambulate effectively. Rather, the record supports a finding that Plaintiff meets the definition for effective ambulation found in the regulations. From the record, it can be inferred that Plaintiff is able to ambulate effectively to school, without companion assistance. The record demonstrates that Plaintiff is able to carry out activities of daily living.[4] As such, it was not necessary for the ALJ to consult a medical expert. The ALJ did

---

inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

[4]Plaintiff testified that he shops, cleans for up to 20 minutes, and takes care of his children when they stay with him.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

1 | not err in obtaining the opinion of a medical expert regarding whether Plaintiff
2 | met Listing 1.06.

3 | **VIII.  Conclusion**

4 |     Plaintiff has not met his burden of showing the ALJ committed legal error,
5 | or that his conclusion that Plaintiff was not disabled from December 17, 2008 to
6 | August 12, 2011, is not supported by substantial evidence. The ALJ properly
7 | found that Plaintiff was capable of performing the requirements of representative
8 | occupations such as small parts assembler, storage rental clerk, and cashier.

9 |     Accordingly**, IT IS HEREBY ORDERED:**

10 |     1.  Plaintiff's Motion for Summary Judgment, ECF 14, is **DENIED**.

11 |     2.  Defendant's Motion for Summary Judgment, ECF No. 17, is
12 | **GRANTED**.

13 |     3.  The decision of the Commissioner denying benefits is **affirmed**.

14 |     4.  The District Court Executive is directed to enter judgment in favor of
15 | Defendant and against Plaintiff.

16 |     **IT IS SO ORDERED.** The District Court Executive is hereby directed to
17 | file this Order and provide copies to counsel, and **close the file**.

18 |     **DATED** this 29th  day of October, 2013.

20 |          _s/Robert H. Whaley_

21 |          ROBERT H. WHALEY
           United States District Judge

23 | Q:\RHW\aCIVIL\2012\Campbell (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13**